**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JUDITH E. WALKER,

      Plaintiff-Appellant,

v.

CITY OF FORT MORGAN,
a Colorado municipality, by and
through the Mayor and City Council
for the City of Fort Morgan; DAVID
YAMADA, in his official capacity as
Superintendent of Public Works, also
known as City Superintendent,

      Defendants-Appellees.

No. 97-1272
(D.C. No. 96-WY-2202)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff brought suit against the City of Fort Morgan (City) and David Yamada, the City Superintendent, alleging violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, Title I of the Civil Rights Act of 1991, and 42 U.S.C. § 1983.  The parties are familiar with the facts underlying this employment dispute and with the procedural history of this case.  We will not repeat them here.  The only issue raised by plaintiff on appeal is whether the district court's decision to order a directed verdict on plaintiff's § 1983 claim is in accordance with applicable law.[1]

We  review de novo the district court's determination of a motion for judgment as a  matter of law, applying the same standard as the district court.  See Haines v. Fisher, 82 F.3d 1503, 1510 (10th Cir.1996).  Under this standard, judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.  Id.  "We do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury.  However, we must enter judgment as a matter of law in favor of the moving party if 'there is no

---

[1]     The 1991 amendments to the Federal Rules of Civil Procedure abandoned the term "directed verdict" in favor of the term "judgment as a matter of law in jury trials."  See Fed. R. Civ. P. 50.

legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law.'" Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1546-47 (10th Cir.) (quoting Fed.R.Civ.P. 50(a)(1)), cert. denied, 117 S. Ct. 297 (1996) (citations omitted).

On appeal, plaintiff contends she was deprived of a property interest in her employment without due process contrary to 42 U.S.C. § 1983. Our analysis of this issue involves a two-step inquiry: (1) did plaintiff possess a property interest in her employment making due process protections applicable; and, (2) if she did have such an interest, did she receive all the process to which she was entitled. See Watson v. University of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir. 1996). Plaintiff must first demonstrate that she had a protected property interest in her city employment.

The question of whether an employee has a protected property interest in employment is a question of state law. See id. Under Colorado law, an employee who is terminable at will may be dismissed without cause and, as long as no constitutional violation has occurred, no judicial review of the termination is available. See Fremont RE-1 Sch. Dist. v. Jacobs, 737 P.2d 816, 820 (Colo. 1987) (en banc). An at-will employee, or one who serves at the pleasure of the employer, "generally may be discharged at any time without cause or formal procedure." Johnson v. Jefferson County Bd. of Health, 662 P.2d 463, 471 (Colo.

1983) (en banc). "[T]he traditional rule with respect to local government employees has been that: '[L]ocal government employees hold their posts at the pleasure of the proper local government authorities and can be dismissed without cause, in the absence of restrictions or limitations provided by law.'" Fremont RE-1 Sch. Dist., 737 P.2d at 820 (quoting 2A C. Antieau, Municipal Corporation Law § 22.158, at 22-239 (1987)). The question thus becomes, whether plaintiff was an at-will employee or whether restrictions or limitations provided by law have altered her otherwise at will status.

Plaintiff argues that the City's personnel handbook created her property interest in her employment because it contained express provisions, including progressive disciplinary policies and procedures, as well as termination limitations. In Continental Air Lines, Inc. v. Keenan, 731 P.2d 708, 711-12 (Colo. 1987) (en banc), the Colorado Supreme Court explained the circumstances under which an at will employee can enforce the termination procedures in an employee manual. There are two alternatives:

> [t]he employee may be entitled to relief under ordinary contract principles if [she] can demonstrate, first, that in promulgating the termination procedures the employer was making an offer to the employee--that is, the employer manifested his willingness to enter into a bargain in such a way as to justify the employee in understanding that [her] assent to the bargain was invited by the employer and that the employee's assent would conclude the bargain, Restatement (Second) of Contracts § 24 (1981)--and second, that [her] initial or continued employment constituted acceptance of and consideration for those procedures.

-4-

Id. at 711. Plaintiff has produced no evidence in this regard.

The second theory under which such a plaintiff may recover is under a theory of promissory estoppel. There, the plaintiff must

> demonstrate that the employer should reasonably have expected the employee to consider the employee manual as a commitment from the employer to follow the termination procedures, that the employee reasonably relied on the termination procedures to [her] detriment, and that injustice can be avoided only by enforcement of the termination procedures. Unless this preliminary factual showing is sufficient to overcome the presumption of an employment terminable at the will of either party, the employee's cause of action should fail.

Id. at 712 (citations omitted). Again, plaintiff has presented no evidence to support this theory. She cannot, therefore, maintain her § 1983 claim on the basis of terms and conditions contained in the City employee manual.

Plaintiff's second argument is that, under the City charter, only the city council had the authority to dismiss her and that, her termination by defendant Yamada, the Superintendent of Public Works, was a denial of due process. Plaintiff points particularly to the language of the charter which provides that, other than the elective officers of the city, "[a]ll other persons in the service of the city or any department thereof, are hereby declared to be employees, they shall be appointed by the council and shall be subject to removal by the council at any time, at its pleasure, and without cause except as otherwise provided by this Charter." Appellant's Br. Ex. 2 at C-8. We do not read this language as creating

exclusive authority on the part of the city council to hire and fire, and, in fact, the language underscores the at-will nature of city employment. That aside, however, the district court found that the council had authority to delegate this power, see R. Vol I Trial Tr. at 18. Mr. Yamada had testified that the authority had been delegated to him. See id. at 17. Plaintiff presented no evidence to rebut this testimony.

Because the evidence on the § 1983 issue supports only the defendants and is susceptible to no reasonable inferences supporting plaintiff, see Haines, 82 F.3d at 1510, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge